IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SHERRY R. BOOTH, | ) CASE NO. 4:04CV00061 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART<br>Commissioner of Social Security, | ) By: B. Waugh Crigler<br>) U. S. Magistrate Judge |
| Defendant, | ) |

This challenge to a final decision of the Commissioner which denied plaintiff's July 30, 2001 claim for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING the case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 37 years old with a high

1

Case 4:04-cv-00061-JLK-BWC   Document 11   Filed 07/05/05   Page 1 of 6   Pageid#: 18

school education at the time of the administrative proceedings, met the earnings requirements of the Act through the date of his decision, and that she had not been engaged in any gainful activity since the alleged onset of disability. (R. 31.) While the Law Judge further found that plaintiff suffered a severe impairment, he never articulated the precise nature of that impairment in his findings. In the body of his decision, the Law Judge observed that plaintiff suffered the effects of multiple trauma received in an automobile accident, including various fractures in her left hip and lower right extremity requiring surgery and rehabilitative services. (R. 25.) Although the Law Judge found plaintiff's statements about her impairments generally were credible and consistent with the nature and extent of her injuries, he did not believe that her impairments rose to the level of severity sufficient to meet or equal any listed impairment. (R. 28, 31.) He found that plaintiff possessed the residual functional capacity, notwithstanding her impairments, to "perform sedentary work which does not involve lifting more than ten pounds or standing/walking more than two hours in an eight hour workday" and never requires plaintiff to "climb, crawl, kneel or crouch." (R. 30, 31.) Thus, he determined that plaintiff's impairments made her unable to perform any of her past relevant work as a deli worker or sewing machine operator. (R. 29.) By application of the Medical-Vocational Guidelines ("grids") and by reference to the testimony of a vocational expert (VE), the Law Judge concluded that jobs were available to the plaintiff in the economy. (R. 30.) Accordingly, he found that plaintiff was not disabled under the Act and denied plaintiff's claim for benefits.

    The Appeals Council determined there was no basis in the record to grant plaintiff's request for review. Therefore, it denied review and adopted the Law Judge's decision as a final decision of the Commissioner. (R. 7-9.) This action ensued.

The Commissioner is charged with making the initial evaluation of the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). In that connection, the Regulations grant the Commissioner some latitude in resolving inconsistencies in evidence and the court reviews the Law Judge's factual determinations only for clear error. 20 C.F.R. §§ 404.1527 and 416.927; *See also Estep v. Richardson*, 459 F.2d 1015, 1017 (4th Cir. 1972). In the end, if the Law Judge's resolution of the conflicts in the evidence is supported by substantial evidence then the Commissioner's final decision must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In the instant case, plaintiff carried her initial burden in the sequential evaluation process by demonstrating the presence of severe impairments which prevented her from performing her past relevant work. (R. 21). Thus, the burden shifted to the Commissioner to demonstrate both the plaintiff's residual functional capacity and that gainful work was available to her in significant numbers in the national economy, considering the combined effects of the plaintiff's maladies within the context of her age, education, skill level, and work experience. 20 C.F.R. §§ 404.1520(f)(1), 404.1545-1568, 416.920(f)(1) and 416.945-968. If the Commissioner does not discharge her sequential burden, then the claimant is entitled to benefits on the *prima facie* case of disability. *Wilson v. Heckler*, 743 F.2d 218 (4th Cir. 1984). Where plaintiff's ability to perform work-related activities is limited by non-exertional limitations, the Commissioner can discharge her burden only by the presentation of vocational evidence. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987).

3

Plaintiff's chief contentions before the Appeals Council were that the decision was not supported by substantial evidence, that the Law Judge failed to make a proper determination of plaintiff's credibility, and that the legal standard the Law Judge used in order to adopt the Residual Functional Capacity Assessment of a DDS review physician was incorrect. (R. 421-423.) Accordingly, the question presented in this appeal is whether there is "good cause" to remand for further proceedings. 42 U.S.C. § 405(g).

The undersigned has carefully examined the record in light of plaintiff's contentions in this case. The regulations specifically direct the Law Judge to consider the opinions of non-examining sources, such as the findings of the DDS physician, as opinion evidence, evaluated against the other evidence in the record. §404.1527(f). The Law Judge's conclusions about plaintiff's residual functional capacity, and eventually about whether jobs were available to her notwithstanding her severe impairments, were supported by the record. The treating source evidence relating to plaintiff's functional capacity, namely plaintiff's treating physician and physical therapists, is not at odds with the evidence provided by the consultative examiner and the DDS reviewer in that, while plaintiff clearly experiences limitations on her ability to perform work-related activity, she is not seen as precluded from performing all sedentary work. (R. 298, 351-353`, 372-374, 378-392.) Plaintiff offered no medical evidence suggesting or opining that she cannot perform all gainful activity. In fact, plaintiff's treating doctors discussed a work-conditioning program, as well as her ability to perform sedentary work, which could be taken by the administrative fact finder as establishing that plaintiff was able to return to some form of work at an exertional level below that required of her past relevant work. (R. 351-353.) Under these circumstances, the Law Judge was entitled to rely on the most restrictive limitations

4

reported by the DDS reviewer, which essentially permitted the performance of sedentary work and which he was careful to include in the examination of the VE. (R. 29, 30, 454-459.)[1]

There is no question that the evidence of plaintiff's daily activities played a role in the ultimate decision by the Law Judge. In that connection, while a claimant's daily activities that amount merely to caring of oneself, including household activities and the like, cannot be considered substantial gainful activity, the level and the degree to which daily activities demonstrate the presence, intensity and persistence of symptoms and, ultimately, an ability to function in a vocational setting, are factors the Commissioner may consider in determining a claimant's work-related capacity. 20 C.F.R. §§ 404.1529(c)(3)(i) and 404.1572(c). Candidly, the undersigned cautiously approached the Commissioner's reliance on plaintiff's daily activities as a basis to discredit a claimant's testimony about the vocational effects of any infirmity. There are two reasons for such caution. First, the evidence ordinarily adduced about the claimant's daily activities often fails to rise above simply caring for oneself, thus bearing little connection to a vocational setting. Second, findings and conclusions about the claimant's daily activities often run counter to substantial medical evidence concerning the claimant's residual functional capacity and appear to be offered as a rationale or justification for the Law Judge's rejection of that evidence where no other justification otherwise appears in the record.

Here, the testimonial and other record evidence in this case permits an inference that any difficulty plaintiff experiences in performing her daily activities, which otherwise comport with work-related functions for at least the sedentary level of activity, is experienced because of her weight and not the effects of her other physical maladies. There is substantial evidentiary support

---

[1] The consultative examiner also noted that gradual weight loss of at least 10% of plaintiff's body weight ( 5' 3 1/2 " and 245 lbs) would improve her functional ability. (R. 373.)

5

Case 4:04-cv-00061-JLK-BWC   Document 11   Filed 07/05/05   Page 5 of 6   Pageid#: 22

for the Law Judge to have found from her daily activities and the medical assessments of her residual functional capacity that the effects of plaintiff's maladies did not preclude performing sedentary work, in which category the VE found that jobs would be available to a person like the plaintiff.

In the end, the undersigned finds the final decision of the Commissioner is supported by substantial evidence, and that "good cause" has not been shown to remand the case for further proceedings. It is RECOMMENDED that an order enter AFFIRMING that final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U. S. Magistrate Judge

7/5/05
Date